UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
BRIAN MOORE,                       :
                    Plaintiff,    :
     -against-                     :
DIRECT LOANS,                      :
                    Defendant.    :
----------------------------------X

10 Civ. 3758 (WHP)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/9/2010

WILLIAM H. PAULEY III, District Judge:

        Plaintiff pro se Brian Moore ("Moore") filed this action in New York Supreme Court, New York County on August 10, 2009. (Notice of Removal dated May 6, 2010 Ex. A: Complaint in Case No. 09111355 Report dated Aug. 10, 2009 ("Compl.").) Moore alleges that Defendant Direct Loans Servicing Center ("Direct Loans") erroneously submitted a negative credit report on him to credit reporting agencies.

        On December 22, 2009, Supreme Court Justice Jane S. Solomon denied Moore's motion to "direct the defendant to pay the damages," observing that "Direct [Loans] did not respond to Moore's initial motion, and Moore failed to submit proof of service of a complaint." See Moore v. Direct Loans, Index No. 1113555/2009, at *1 (N.Y. Sup. Ct. Mar 26, 2010), at http://decisions.courts.state.ny.us/fcas/fcas_docs/2010mar/3001113552009002sciv.pdf. Justice Solomon granted Moore leave to renew his motion, which he did. Direct Loans again did not respond. On March 26, 2010, Justice Solomon issued a Decision and Order dismissing Moore's action for failure to state a claim. Moore, Index No. 1113555/2009 at *4. On April 17, 2010, Moore appealed Justice Solomon's decision to the Appellate Division, First Department.

-1-

On May 6, 2010, Direct Loans, represented by the United States Attorney's Office for the Southern District of New York, removed Moore's action from the Appellate Division to this Court. On August 6, 2010, this Court conducted a hearing on the record with all parties.

"A federal court to which a state action is removed takes the action in the posture in which it existed when removed from a state court's jurisdiction and must give effect to all actions and procedures accomplished in a state court prior to removal." Instituto Per Lo Sviluppo Economico Dell' Italai Meridonale v. Sperti Prod. Inc., 47 F.R.D. 310, 312 (S.D.N.Y. 1969); see also Four Keys Leasing & Maintenance Corp. v. Simithis, 849 F.2d 770, 774 (2d Cir. 1988). Given that a final judgment, in favor of the non-appearing Defendant, was entered by Justice Solomon, and Moore took an appeal, this action comes to this Court on appeal of the dismissal on the pleadings. This Court cannot entertain civil appeals from the New York Supreme Court. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923) ("The jurisdiction possessed by the District Courts is strictly original."); Dist. of Colum. Ct. of Appeals v. Feldman, 460 U.S. 462, 482 (1983). As the Court of Appeals has held, "[I]t would be a perversion of the removal process to allow a litigant who is subject to a final judgment to remove that final judgment to the federal courts for further litigation." Four Keys, 849 F.2d at 774.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a removed case], the case shall be remanded." 28 U.S.C. § 1447(c). Because this Court lacks jurisdiction to hear this matter, remand is required.

Accordingly, pursuant to 28 U.S.C. § 1447, the Clerk of the Court is directed to remand this action to the New York Appellate Division, First Department. The Clerk of Court is directed to terminate all motions pending and mark this case as closed.

Dated: August 6, 2010
      New York, New York

                                         SO ORDERED:

                                         WILLIAM H. PAULEY III
                                         U.S.D.J.

*Copy mailed to:*

Brian Moore
35 Minnesota Avenue
Long Beach, NY 11561
*Plaintiff pro se*

Jamie Lesser Nawaday
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, NY 10007
212-637-2528
*Counsel for Defendant*